IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONY SUHARDJA WIJAYA and RUSMAN ISHAK, individually, and as Co-Special Administrators of the Estates of DANIEL SUHARDJA WIJAYA, Deceased, RESTIA AMELIA, Deceased, RADHIKA WIJAYA, Deceased, and RAFEZHA WIJAYA, Deceased, <br><br>              Plaintiffs, <br><br>    v. <br><br>THE BOEING COMPANY, a corporation, <br><br>              Defendant. | No. 19 cv 01701 <br><br>Removed from Circuit Court of Cook County, County Department, Law Division |

**DEFENDANT THE BOEING COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant The Boeing Company ("Boeing"), by and through its attorneys of record, Perkins Coie LLP, hereby answers the Complaint at Law ("Complaint") of Plaintiffs Dony Suhardja Wijaya and Rusman Ishak, individually, and as Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, Deceased, Restia Amelia, Deceased, Radhika Wijaya, Deceased, and Rafezha Wijaya, Deceased (collectively, "Plaintiffs"), as follows, in paragraphs numbered to correspond to the paragraph numbers in said Complaint. All facts not specifically admitted are denied.

Boeing also states that the Complaint pertains to an accident on October 29, 2018, that currently is the subject of an ongoing investigation by the Indonesia National Transportation Safety Committee ("NTSC-KNKT"), which has not yet been completed. The United States National Transportation Safety Board ("NTSB") is a party to the NTSC-KNKT investigation, and Boeing is providing technical assistance.

Under international law (Section 5.26 of Annex 13 to the Convention on International Civil Aviation) and federal law (49 C.F.R. § 831.13 and 49 § U.S.C. 1114(f)), Boeing is

ANSWER TO COMPLAINT

prohibited at this time from releasing information concerning the accident to any person not a party to the investigation without prior consultation and approval of the NTSB. Accordingly, in responding to this Complaint, Boeing has not relied upon information made known to certain Boeing personnel by the NTSB related to the ongoing investigation of the accident.

## INTRODUCTION

1. On Monday, October 29, 2018, a newly-delivered Boeing 737 MAX 8 commercial aircraft crashed in the Java Sea off the coast of Indonesia killing everyone on board. The Boeing 737 MAX 8 was being operated by the Lion Air airline as Lion Air Flight 610.

**ANSWER:**

Boeing admits that on October 29, 2018, a Boeing 737-8 aircraft, operated by Lion Air as Lion Air Flight JT 610 (the "Subject Aircraft"), crashed into the Java Sea off of the coast of Indonesia, and that the crash resulted in the deaths of all occupants aboard the Subject Aircraft. Boeing denies the remaining allegations contained in Paragraph 1.

2. The newly-delivered Boeing 737 MAX 8 crashed as a result of, among other things, a new Boeing flight control system which automatically steered the aircraft toward the ground, and which caused an excessive nose-down attitude, significant altitude loss, and, ultimately, the crash into the Java Sea killing everyone on board.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 2.

## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction over all justiciable controversies. Plaintiffs elect to pursue all maritime claims in this Court under the Savings-to-Suitors Clause. *See* 28 U.S.C. § 1333.

**ANSWER:**

The allegations contained in Paragraph 3 consist of legal conclusions to which no response from Boeing is required; to the extent a response is required, Boeing responds that it has properly removed this case to this Court from the Circuit Court of Cook County, Illinois.

## PARTIES & VENUE

4. Dony Suhardja Wijaya and Rusman Ishak are residents of Indonesia and have been appointed by this Court as co-special administrators and personal representatives of the estates of their family members, Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased,

ANSWER TO COMPLAINT

Radhika Wijaya, deceased, and Rafezha Wijaya, deceased. At all relevant times, Plaintiffs' decedents were residents of Indonesia.

**ANSWER:**

Upon information and belief, Plaintiffs are residents of Indonesia, and the Decedents also were residents of Indonesia. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and therefore denies them.

5. The Boeing Company ("Boeing") is a corporation organized under the laws of Delaware with its worldwide headquarters and principal place of business in Chicago, Illinois.

**ANSWER:**

Boeing admits the allegations contained in Paragraph 5.

## GENERAL ALLEGATIONS

**I.     Boeing 737 MAX 8 Design & Manufacture**

6. Boeing's 737 series of aircraft is the highest selling commercial aircraft in history with over 10,000 aircraft delivered.

**ANSWER:**

Boeing admits that it has delivered more than 10,000 model 737 aircraft, which is more than any other model of commercial aircraft in history.

7. Boeing's 737 MAX series is the fourth generation of the Boeing 737 series of aircraft and was first announced by Boeing on August 30, 2011; the first flight was several years later, on January 29, 2016.

**ANSWER:**

Boeing admits that the 737 MAX series are the newest models of Boeing's 737 aircraft. Boeing also admits that the 737 MAX series was first announced publicly by Boeing on August 30, 2011, and the first flight was on January 29, 2016. Boeing denies the remaining allegations contained in Paragraph 7 as written.

8. Prior to March 8, 2017, Boeing designed the 737 MAX 8 model aircraft in the United States.

ANSWER TO COMPLAINT

-3-

92132642.2

**ANSWER:**

Boeing admits that, prior to March 8, 2017, it designed the 737-8 model aircraft in the United States, except for those components, parts, and systems of this model aircraft that were designed by others or that were designed outside of the United States.

9. On March 8, 2017, the Federal Aviation Administration ("FAA") approved the design for the 737 MAX 8 model aircraft, also known as the 737-8.

**ANSWER:**

Boeing admits that the Federal Aviation Administration amended Type Certificate A16WE on March 8, 2017 to certify the 737-8.

10. At all relevant times, Boeing manufactured the 737 MAX 8 model aircraft in the United States.

**ANSWER:**

Boeing admits that the final assembly of 737-8 model aircraft is completed in the United States. Boeing denies the remaining allegations contained in Paragraph 10 as written.

11. The 737 MAX 8 is one of Boeing's several 737 MAX series of aircraft, the newest generation of Boeing's 737 series of aircraft, which Boeing initially designed, in the United States, in or around 1964—over 50 years ago.

**ANSWER:**

Boeing admits that the 737-8 aircraft is one of the newest models of Boeing's 737 aircraft. Boeing also admits that it designed the first 737 model aircraft during the 1960s in the United States, except for those components, parts, and systems of this model aircraft that were designed by others or that were designed outside of the United States. Boeing denies the remaining allegations contained in Paragraph 11.

12. According to Boeing, as part of its generational redesigns of the 737 series of aircraft, it "has continuously improved the products, features, and services."

**ANSWER:**

Boeing responds that Paragraph 12 appears to be an incomplete quote regarding the Boeing 737NG aircraft, and not the 737-8, but admits that part of Boeing's work in developing new aircraft, including the 737-8, is to enhance Boeing's products and/or services.

ANSWER TO COMPLAINT

13. At all relevant times, Boeing marketed the 737 MAX aircraft as a seamless continuation of its prior 737 series aircraft in terms of operation and maintenance.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 13 as written.

14. On its website, Boeing states:

> Airlines ask for an airplane that fits smoothly in today's fleet
>
> Because of the 737's popularity with airlines everywhere around the world, integrating the new 737 MAX is an easy proposition. As you build your 737 MAX fleet, millions of dollars will be saved because of its commonality with the Next-Generation 737, ease of maintenance, wide availability of 737 pilots, and the global infrastructure that supports the aircraft in operation.[1]

On the same website, Boeing further states that "*737 Flight Crews Will Feel at Home in the MAX.*"[2] (emphasis added.)

**ANSWER:**

Boeing admits that Paragraph 14 consists of incomplete portions of quotations found on the website https://www.boeing.com/commercial/737max/by-design/#/advanced-flight-deck.

15. The Boeing 737 MAX 8, however, had a significantly different design from previous 737-series aircrafts, which as *The Wallstreet Journal* reported were not appropriately disclosed to airlines or pilots.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 15.

## II. Boeing 737 MAX 8 Defect

16. Unlike any prior 737, Boeing designed the 737 MAX 8 to automatically dive toward the ground in certain situations, namely, where the aircraft's flight sensors provided information indicating such a dive was necessary to maintain lift.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 16.

17. A consequence of this unsafe design, however, was that any misinformation from those flight sensors would cause the Boeing 737 MAX 8 to automatically and erroneously dive toward the ground even when the aircraft is being flown manually by the pilots. This condition can lead to an excessive nose-down attitude, significant altitude loss, and possible impact with terrain.

---

[1] https://www.boeing.com/commercial/737max/by-design/#/operational-commonality
[2] https://www.boeing.com/commercial/737max/by-design/#/advanced-flight-deck

ANSWER TO COMPLAINT

-5-

**ANSWER:**

Boeing denies the allegations contained in Paragraph 17.

### III. Lion Air Flight 610

18. In or around August 2018, Boeing delivered a newly manufactured 737 MAX 8 aircraft with tail number PK-LQP (the "Subject Aircraft") to Lion Air airlines in Indonesia.

**ANSWER:**

Boeing admits that it delivered the Subject Aircraft, which bears Registration No. PK-LQP, in August 2018, and that Lion Air was its first operator. Boeing denies the remaining allegations contained in Paragraph 18.

19. Two months later, on the morning of October 29, 2018, Lion Air was operating the Subject Aircraft on a commercial flight from Jakarta, Indonesia to Pangkal Pinang, Indonesia ("Lion Air Flight 610").

**ANSWER:**

Boeing admits that Lion Air was operating the Subject Aircraft on a commercial flight from Jakarta, Indonesia to Pangkal Pinang, Indonesia on the morning of October 29, 2018. Boeing denies the remaining allegations contained in Paragraph 19.

20. Around 6:22 a.m. on the morning of October 29, 2018, shortly after takeoff from Jakarta, the pilot for Lion Air Flight 610 asked air traffic control to return to Jakarta because of a problem controlling the subject aircraft.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

21. Around 10 minutes later, around 6:32 a.m., the Subject Aircraft crashed into the Java Sea at a high speed and disintegrated.

**ANSWER:**

Boeing admits that the Subject Aircraft crashed into the Java Sea around 6:32 a.m. on October 29, 2018. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and therefore denies them.

22. Plaintiffs' decedents were onboard Flight 610 and died in the crash.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23.     At no relevant time prior to the crash of Lion Air Flight 610 into the Java Sea did Boeing adequately warn Lion Air or its pilots of the unsafe condition caused by the new "auto-diving" design of the 737 MAX 8 flight system.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 23.

24.     As a result of the crash of Lion Air Flight 610, on November 7, 2018, the FAA issued "Emergency Airworthiness Directive (AD) 2018-23-51 [to] owners and operators of The Boeing Company Model 737-8 and -9 airplanes," which contained mandatory warning and instructions as to the "unsafe condition … likely to exist or develop" in the 737 MAX 8 relating to its new auto-diving feature.

**ANSWER:**

Boeing admits that the FAA issued Emergency Airworthiness Directive 2018-23-51 on November 7, 2018. Boeing denies the remaining allegations contained in Paragraph 24.

25.     According to reports, prior to the crash of Lion Air Flight 610, Boeing 737 pilots "were not privy in training or in any other manuals or materials" to information regarding "the new system Boeing had installed on 737 MAX jets that could command the plane's nose down in certain situations to prevent a stall."[3] Further reports indicate that Boeing "withheld information about potential hazards with the new flight-control feature."[4]

**ANSWER:**

Boeing denies the allegations contained in Paragraph 25.

### CAUSES OF ACTION

### COUNT I
### STRICT PRODUCTS LIABILITY

26.     Plaintiffs re-adopt and re-allege paragraphs 1 through 25 above.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1-25, *supra*, as if set forth fully herein.

---

[3] https://www.malaymail.com/s/1692841 /indonesia-says-situation-facing-lion-air-flight-jt610-crew-not-in-flight-ma
[4] https://www.wsj.com/articles/boeing-withheld-information-on-737-model-according-to-safety-experts-and-others-1542082575

ANSWER TO COMPLAINT

92132642.2

27. At the time the Subject Aircraft left the control of Boeing, the Subject Aircraft was defective, not fit for its intended purposes and unreasonably dangerous in one or more of the following particulars:

   a) the subject aircraft contained an auto-dive system that was designed, manufactured, and configured to dive the aircraft toward the ground in certain conditions against the pilot's intentions and without adequate warning to the flight crew;

   b) the subject aircraft was designed, manufactured, and configured in a manner in which an auto-dive disengage during flight created an excessive and unrealistic work load on the flight crew;

   c) the subject aircraft lacked proper and adequate instructions and warnings regarding the design and functions of its auto-dive system;

   d) the subject aircraft lacked proper and adequate instructions and warnings and/or limitations regarding flight procedures for a malfunctioning auto-dive system; and,

   e) the subject aircraft was otherwise defective by nature of its design, manufacture, configuration, and/or assembly in particulars to be determined by discovery herein.

   **ANSWER:**

   Boeing denies the allegations contained in Paragraph 27, including all sub-parts of Paragraph 27.

28. As a direct and proximate result of one or more of the foregoing conditions, the Subject Aircraft operating as Lion Air Flight 610 crashed after takeoff in the Java Sea, and Plaintiffs' decedents suffered personal injury and death.

   **ANSWER:**

   Boeing denies the allegations contained in Paragraph 28.

29. Both for themselves, individually, and in their capacity as Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, Plaintiffs seek all damages available under the law.

   **ANSWER:**

   Boeing denies that Plaintiffs are entitled to any relief from Boeing.

30. Plaintiffs are the duly appointed Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, or such other law as the Court determines to be applicable under the circumstances of this case.

ANSWER TO COMPLAINT

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

WHEREFORE, the Plaintiffs, Dony Suhardja Wijaya and Rusman Ishak, as Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, prays that the Court enter judgment in their favor and against the Defendant, The Boeing Company, and award them all damages available under the law, their court costs in this matter, and such other relief as the Court deems just and proper. Plaintiffs seek a sum in excess of the jurisdictional amounts of the Law Division of the Circuit Court of Cook County, Illinois.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

## COUNT II
## NEGLIGENCE – PRODUCTS LIABILITY

31.    Plaintiffs re-adopt and re-allege paragraphs 1 through 25 above.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1-25, *supra*, as if set forth fully herein.

32.    At all relevant times, Boeing owed a legal duty to assure that the Subject Aircraft was properly designed, manufactured, and assembled and free from defects so as not to cause personal injury or death.

**ANSWER:**

The allegations contained in Paragraph 32 consist of legal conclusions to which no response from Boeing is required; to the extent a response is required, Boeing denies these allegations as written.

33.    Boeing breached its duties under the law and was negligent in one or more of the following ways:

a)     the subject aircraft contained an auto-dive system that was designed, manufactured, and configured to dive the aircraft toward the ground in certain conditions against the pilot's intentions and without adequate warning to the flight crew;

b)     the subject aircraft was designed, manufactured, and configured in a manner in which an auto-dive disengage during flight created an excessive and unrealistic work load on the flight crew;

  c)  the subject aircraft lacked proper and adequate instructions and warnings regarding the design and functions of its auto-dive system; and,

  d)  Boeing failed to conduct appropriate testing of the subject aircraft's components and systems prior to delivery to Lion Air.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 33, including all sub-parts of Paragraph 33.

  34.  As a direct and proximate result of one or more of the aforementioned acts of negligence by Boeing, the Subject Aircraft operating as Lion Air Flight 610 crashed after takeoff in the Java Sea and Plaintiffs' decedents sustained fatal injuries.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 34.

  35.  Due to the tragic death of their family members, Plaintiffs have suffered pain and have sustained substantial pecuniary losses, including grief, sorrow, mental suffering, loss of society, and loss of companionship, love, and affection.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore denies them.

  36.  Both for themselves, individually, and in their capacity as Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, Plaintiffs seek all damages available under the law.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

  37.  Plaintiffs are the duly appointed Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, or such other law as the Court determines to be applicable under the circumstances of this case.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

WHEREFORE, the Plaintiffs, Dony Suhardja Wijaya and Rusman Ishak, as Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, prays that the Court enter judgment in their favor and against the Defendant, The Boeing Company, and award them all damages

ANSWER TO COMPLAINT

-10-

available under the law, their court costs in this matter, and such other relief as the Court deems just and proper. Plaintiffs seek a sum in excess of the jurisdictional amounts of the Law Division of the Circuit Court of Cook County, Illinois.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

### COUNT III
### NEGLIGENCE – FAILURE TO WARN

38.    Plaintiffs re-adopt and re-allege paragraphs 1 through 25 above.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1-25, *supra*, as if set forth fully herein.

39.    At all relevant times, Boeing had a duty to inform and warn the owners, operators, and pilots of the 737 MAX 8 series of aircraft, including the Subject Aircraft, of the unsafe condition likely to exist or develop by virtue of the auto-dive feature.

**ANSWER:**

The allegations contained in Paragraph 39 consist of legal conclusions to which no response from Boeing is required; to the extent a response is required, Boeing denies these allegations as written.

40.    Boeing breached its duties under the law and was negligent in one or more of the following ways:

    a)    the subject aircraft lacked proper and adequate instructions and warnings regarding the design and functions of its auto-dive system;

    b)    the subject aircraft lacked proper and adequate instructions and warnings and/or limitations regarding flight procedures for a malfunctioning auto-dive system; and,

    c)    the 737 MAX 8 Flight Crew Operations Manual failed to appropriately alert pilots, including the pilots of the subject aircraft, to the design, functions, and hazards of Boeing's auto-dive system and procedures for addressing a malfunctioning auto-dive system.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 40, including all sub-parts of Paragraph 40.

ANSWER TO COMPLAINT

-11-

92132642.2

41. As a direct and proximate result of that breach, the Subject Aircraft operating as Lion Air Flight 610 crashed after takeoff in the Java Sea, and Plaintiffs' decedents sustained fatal injuries.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 41.

42. Due to the tragic death of their beloved family members, Plaintiffs have suffered pain and have sustained substantial pecuniary losses, including grief, sorrow, mental suffering, loss of society, and loss of companionship, love, and affection.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 42 and therefore denies them.

43. Both for themselves, individually, and in their capacity as Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, Plaintiffs seek all damages available under the law.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

44. Plaintiffs are the duly appointed Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, or such other law as the Court determines to be applicable under the circumstances of this case.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

WHEREFORE, the Plaintiffs, Dony Suhardja Wijaya and Rusman Ishak, as Co-Special Administrators of the Estates of Daniel Suhardja Wijaya, deceased, Restia Amelia, deceased, Radhika Wijaya, deceased, and Rafezha Wijaya, deceased, prays that the Court enter judgment in their favor and against the Defendant, The Boeing Company, and award them all damages available under the law, their court costs in this matter, and such other relief as the Court deems just and proper. Plaintiffs seek a sum in excess of the jurisdictional amounts of the Law Division of the Circuit Court of Cook County, Illinois.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

1. The Complaint and all claims for relief therein should be dismissed on the ground of *forum non conveniens*.

### SECOND DEFENSE

2. Plaintiffs' damages, if any, were proximately caused by the acts or omissions of others over whom Boeing had no control or right of control, which may include but are not limited to the flight crew and the operator, and/or said acts or omissions were a superseding and sole, direct, and proximate cause of Plaintiffs' damages, if any.

### THIRD DEFENSE

3. If Plaintiffs were damaged by products originally designed, manufactured, assembled, inspected, tested, or sold by Boeing, those products were subsequently installed, removed, exchanged, altered, modified, retrofitted, repaired, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Boeing, and over whom Boeing had no control or right of control, and such installation, removal, change, alteration, repair, modification, retrofitting, overhauling, remanufacturing, improper maintenance, or misuse proximately caused or contributed to the events alleged in the Complaint and the resulting damages complained of, if any.

### FOURTH DEFENSE

4. Third parties over whom Boeing had no control, which may include but are not limited to the flight crew and the operator, altered and/or misused the Subject Aircraft, which was the sole, direct, and proximate cause of the damages, if any, of Plaintiffs.

### FIFTH DEFENSE

5. Boeing places in issue the negligence, fault, and responsibility of all persons and entities, which may include but are not limited to the flight crew and the operator, that have contributed in any degree to the injuries and damages alleged to have been sustained by

ANSWER TO COMPLAINT

Plaintiffs. Judgment against Boeing, if any, should be diminished to an amount that represents Boeing's degree of negligence, fault, or responsibility, if any.

## SIXTH DEFENSE

6. Plaintiffs' claims may be barred by virtue of failing to properly identify the plaintiff personal representative.

## SEVENTH DEFENSE

7. The Subject Aircraft was intended for and sold to a knowledgeable and sophisticated user over whom Boeing had no control.

## EIGHTH DEFENSE

8. The Subject Aircraft was certified as airworthy by the Federal Aviation Administration, and the Subject Aircraft and its manuals, instructions, warnings, and other related documents complied with all applicable codes, standards, and regulations of the United States and agencies thereof at the time it was delivered by Boeing.

## NINTH DEFENSE

9. Boeing complied with all applicable federal, state, and foreign statutes, codes, and administrative regulations existing at the time the Subject Aircraft was manufactured and all applicable standards for design, inspection, testing, warning and manufacture.

## TENTH DEFENSE

10. The design of the Subject Aircraft and each component thereof that was installed at the time of delivery by Boeing was consistent with or exceeded the "state of the art" at the time of its design and manufacture.

## ELEVENTH DEFENSE

11. The benefits of the design of the Subject Aircraft and each component thereof outweigh the risks associated therewith, if any.

ANSWER TO COMPLAINT

92132642.2

## TWELFTH DEFENSE

12. The Complaint and all claims for relief therein should be dismissed on the ground that Plaintiffs have failed to join necessary and indispensable parties.

## THIRTEENTH DEFENSE

13. Plaintiffs may lack standing to bring this action.

## FOURTEENTH DEFENSE

14. An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source as a result of this accident.

## FIFTEENTH DEFENSE

15. Some or all of Plaintiffs' claims and available damages may be barred by virtue of prior settlements.

## SIXTEENTH DEFENSE

16. Evidence of subsequent remedial measures is not admissible to prove liability. *See* Federal Rule of Evidence 407.

## SEVENTEENTH DEFENSE

17. Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

## EIGHTEENTH DEFENSE

18. Plaintiffs' Complaint is premature in that it was filed and served before the completion of the investigations arising from the October 29, 2018 accident at issue, including the ongoing investigation of the Indonesia National Transportation Safety Committee. Boeing reserves the right to add those affirmative defenses that it deems necessary to its defense during or upon the conclusion of investigation and discovery. Boeing further reserves the right to assert any additional affirmative defenses asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

### NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Federal Rule of Civil Procedure 44.1, Boeing gives notice that it may raise issues concerning the applicability of the law of another jurisdiction, including but not limited to the laws of other states and/or a foreign country or countries, and reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

### PRAYER FOR RELIEF & DEMAND FOR JUDGMENT

WHEREFORE, Defendant The Boeing Company prays as follows:

That Plaintiffs take nothing by the Complaint, that the Complaint be dismissed, and that judgment on the Complaint be entered for Boeing;

That Boeing be awarded its costs of suit and attorneys' fees;

That the Court grant such further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant The Boeing Company hereby demands trial by jury on all claims and defenses before the Court in this litigation.

DATED: March 15, 2019                      THE BOEING COMPANY

                                           By: /s/ Bates McIntyre Larson
                                               *One of its Attorneys*

Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz
MShultz@perkinscoie.com
Gretchen M. Paine
ANSWER TO COMPLAINT

GPaine@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

ANSWER TO COMPLAINT

92132642.2

# CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on March 15, 2019, I electronically filed the foregoing *ANSWER TO COMPLAINT* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record, and served a copy by email on the following counsel of record.

>Austin Bartlett
>austin@bartlettchen.com
>BartlettChenLLC
>150 N. Michigan Ave. Suite 2800
>Chicago, Illinois 60601
>(312) 624-7711
>
>Manuel von Ribbeck
>manuelribbeck@ribbecklaw.com
>Ribbeck Law Chartered
>505 N. Lake Shore Dr. Suite 102
>Chicago, Illinois 60611
>(833) 883-4373

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 15th day of March, 2019.

>/s/ Bates McIntyre Larson
>PERKINS COIE LLP
>131 South Dearborn Street, Suite No. 1700
>Chicago, Illinois 60603-5559
>Tel: (312) 324-8400
>Fax: (312) 324-9400

ANSWER TO COMPLAINT

92132642.2